*Law Library*

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| STANDARD INSURANCE COMPANY, | ) |
| Plaintiff, | ) |
| vs. | ) |
| ANTHONY D. QUENGA, MARIA A.T. WILLIAMS, MARGARET C.G. QUENGA AND ARDASIAN WILLIAMS, | ) |
| Defendants. | ) |
| ANTHONY D. QUENGA, | ) |
| Counterclaim Plaintiff, | ) |
| vs. | ) |
| STANDARD INSURANCE COMPANY, | ) |
| Counterclaim Defendant. | ) |

**CIVIL CASE NO. CV0047-13**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Plaintiff Standard Insurance Company's motion for summary judgment on Plaintiff's interpleader claim, filed June 11, 2013; and Defendant and Counterclaim Plaintiff Anthony D. Quenga's motion for leave to amend his counterclaim, filed September 27, 2013. The Court heard oral arguments on November 12, 2013. Attorney Kevin J. Fowler appeared on behalf of Plaintiff, Attorney Gary W.F. Gumataotao represented Defendant Anthony D. Quenga, and Attorney Curtis C. Van De Veld represented Defendant Margaret C.G. Quenga. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On or about January 18, 2012, Rosemarie Genese (hereinafter "Genese") executed a beneficiary designation on her Government of Guam group life insurance policy which named

as equal beneficiaries Anthony Quenga (hereinafter "Anthony"), Maria Williams, Margaret Quenga, and Cardasian Williams. Months later on or about August 23, 2012, Genes changed the beneficiary designation under the group life insurance to name Anthony as the sole beneficiary.

On September 24, 2012, the Guam Office of the Public Guardian filed a Petition for Appointment of Temporary Guardianship in the Superior Court of Guam with respect to the person of Genese and the handling of her estate. The petition detailed that Genese was unable to communicate or manage her affairs, was likely to be deceived or imposed upon and was in need of a guardian to make medical and financial decisions. (Mot. Summ. J., Exhibit A, Jun. 11, 2013). Genese's handwritten letter on or about March 28, 2012, seeking help with respect to an abusive relationship with Anthony, was attached to a declaration in support of the petition. (Mot. Summ. J., Exhibit C, Jun. 11, 2013). The Court granted that petition.

On September 28, 2012, Genese died at the Guam Memorial Hospital.

On or about October 4, 2012, Anthony made a claim to Plaintiff for one hundred percent (100%) of the life insurance benefits of Genese's policy. On or about October 29, 2012, Standard paid one fourth of the available life insurance benefits ($12,500.00) to Anthony.

On or about November 28, 2012, Standard sent letters to the four named beneficiaries from the January 18, 2012 beneficiary designation, informing them that Plaintiff questioned Genese's mental competency in making the August 23, 2012 beneficiary designation of Anthony as the sole beneficiary. (Complaint, Exhibit A-D, Jan. 31, 2013). In light of this, Standard asked the four individuals if they could reach an agreement on the distribution of the remaining group life insurance policy death benefits. *Id.* The letter further states that Plaintiff investigated the mental competency of Genese to make the August 23, 2012 beneficiary designation, but this investigation yielded inconclusive findings. *Id.*

On January 31, 2013, Plaintiff filed a complaint for interpleader with respect to the balance of funds owing pursuant to a $50,000 policy of Government of Guam group life insurance issued on life of Genese. (Complaint, Jan. 31, 2013).

On February 21, 2013, Anthony filed his answer to the complaint for interpleader and a counterclaim against Standard alleging bad faith and oppressive conduct by Standard in refusing to properly investigate and pay Anthony the entire value of his claim. (Verified Answer & Counterclaim, Feb. 21, 2013). On August 12, 2013, Anthony's counterclaim was dismissed by the Court for the failure to state a claim for relief pursuant to Guam R. Civ. P. 12(b)(6).

On June 11, 2013, Plaintiff filed a motion for summary judgment on its interpleader claim, arguing that there is no genuine issue of material fact with respect to Standard's entitlement to interplead the subject funds and be discharged from this matter, and seeking an award of Standard's attorneys' fees and costs related to the filing of the interpleader action. (Mot. Summ. J. 5-10, Jun. 11, 2013). On July 19, 2013, Anthony filed an opposition to the motion, arguing that Standard is not entitled to summary judgment where a genuine issue of material fact exists as to whether Standard beached its covenant of good faith and fair dealing to diligently investigate prior to refusing to pay Anthony one hundred percent (100%) of the proceeds of the claim. (Opp'n. Mot., 5-8, Jul. 19, 2013).

On September 27, 2013, Anthony filed a motion for leave to amend, arguing that he should have been afforded an opportunity to effect amendments before the Court dismissed the counterclaim. (Mot. Leave to Amend, 5, Sept. 27, 2013). On October 24, 2013, Standard filed an opposition to the motion, arguing that the proposed amendments do not cure the deficiencies identified by the Court in the Decision and Order issued on August 12, 2013 and Anthony's proposed amended counterclaim would be futile pursuant to Guam R. Civ. P. 15. (Opp'n Mot., 5-6, Oct. 24, 2013).

## DISCUSSION

### I. Motion for Summary Judgment

#### A. Summary Judgment Standard

Guam R. Civ. P. 56(c) provides that a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law." A genuine issue of fact exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7 (*citing T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit.... Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.* "If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint." *Id.* at ¶ 8 (*citing Anderson v. Liberty Lobby*, 477 U.S. 242, 249, 106 S.Ct. 2505 (1986)).

In order to determine whether summary judgment may be granted, "the Court must view the evidence and draw inferences in the light most favorable to the nonmovant." *Edwards v. Pacific Financial Corp.*, 2000 Guam 27 ¶ 7 (*citing Anderson*, 477 U.S. at 249). "The court's ultimate inquiry is to determine whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Iizuka*, 1997 Guam 10 ¶ 8 (*quoting T.W. Elec. Serv.*, 809 F.2d at 631) (internal quotations omitted). "Stated simply, there is a trial issue if there is sufficient evidence for a jury to return a verdict in the non-moving party's favor." *Kim v. Hong*, 1997 Guam 11 ¶ 8 (*citing Anderson*, 477 U.S. at 250).

**B. Interpleader**

Rule 22 of the Guam Rules of Civil Procedure and Title 7 Section 12114 of the Guam Code govern interpleader actions. They state as follows:

> Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that the plaintiff is not liable in whole or in part to any or all of the claimants. A defendant exposed to similar liability may obtain such interpleader by way of cross-claim or counterclaim. The

provisions of this rule supplement and do not in any way limit the joinder of parties permitted in Rule 20.

Guam R. Civ. P. 22; and

A defendant, against whom an action is pending upon a contract or for specific personal property, may at any time before answer, upon affidavit that a person not a party to the action makes against him, and without any collusion with him, a demand upon such contract, or for such property, upon notice to such person and the adverse party, apply to the court for an order to substitute such person in his place, and discharge him from liability to either party, upon his depositing in court the amount claimed on the contract, or delivering the property or its value to such person as the court may direct; and the court may, in its discretion, make the order. And whenever conflicting claims are or may be made upon a person for or relating to personal property, or the performance of an obligation, or any portion thereof, such person may bring an action against the conflicting claimants to compel them to interplead and litigate their several claims among themselves. The order of substitution may be made and the action of interpleader may be maintained, and the applicant or plaintiff be discharged from liability to all or any of the conflicting claimants, although their titles or claims have not a common origin, or are not identical, but are adverse to and independent of one another.

7 GCA § 12114 (2005).

The Supreme Court of Guam explained the role of interpleader actions as follows:

The purpose of interpleader is to prevent a multiplicity of suits and double vexation. ... The right to the remedy by interpleader is founded, however, not on the consideration that a person may be subjected to double liability, but on the fact that he is threatened with double vexation in respect to one liability. ... Interpleader is proper if the claims relate to the same thing, debt, or duty held by the stakeholder.

*Guam Hous. & Urban Renewal Auth. v. Pacific Enterprises Corp.*, 2001 Guam 8 ¶ 17 (internal quotations and citations omitted).

The Ninth Circuit Court of Appeals has clarified that a good faith belief that there may be colorable competing claims to the stake is required before a plaintiff can avail itself of the interpleader remedy. *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 894 (9th Cir. 2012).

In this case, Plaintiff asserts that it is facing competing claims to Genese's life insurance policy benefits and is exposed to double or multiple liability. Plaintiff alleges that each Defendant has made a claim to the remaining policy benefits. (Complaint, 17-18, Jun. 11,

2013). At the motion hearing on November 12, 2013, Defendant did not dispute the fact that there were other individuals making a claim to the insurance policy. Therefore, interpleader is proper in this case.

"Once the court determines that an interpleader is proper, it may discharge the stakeholder from further liability…A court should readily discharge a disinterested stakeholder from further liability absent a stakeholder's bad faith in commencing an interpleader action, potential independent liability to a claimant, or failure to satisfy requirements of rule or statutory interpleader." *Transamerica Life Ins. Co. v. Shubin*, No. 1:11-cv-01958-LJO-SKO, 2012 WL 2839704, *6 (E.D.Cal. July 10, 2012) (internal quotations and citations omitted).

In this case, Anthony alleges Plaintiff committed bad faith by failing to conduct a diligent investigation prior to refusing to pay Anthony 100% of the proceeds of the claim. Because stakeholder Plaintiff has a potential independent liability to claimant Anthony, the Court cannot discharge the stakeholder from further liability.

For these reasons, the Court grants Plaintiff's motion summary judgment in part as to the interpleader, but denies Plaintiff's motion as to the discharge from further liability.

**C. Attorneys' Fees**

The Court of Appeals for the Ninth Circuit has held that in an interpleader action, "the plaintiff should be awarded attorney fees for the services of his attorneys in interpleading." *Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962). However, "if there is a contest between plaintiff and the interpleaded parties, either as to the correctness of the amount deposited or as to any interest of plaintiff in the fund, the court may not, in the absence of special circumstances, award attorney fees for the services of his attorneys in connection with such contest." *Id.* Compensable attorney's fees include "preparing the complaint, obtaining service of process on the claimants to the fund, and preparing an order discharging the plaintiff from liability and dismissing it from the action." *Trustees of Directors Guild of America-Producer Pension Benefit Plains v. Tice*, 234 F.3d 415, 426-27 (9th Cir. 2000). Furthermore, fee awards to the disinterested interpleader plaintiff are typically modest because "the attorneys' fees are paid from the interpleaded fund itself, there is an important

policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Id.* at 27.

Having found that an interpleader is appropriate in this case, Plaintiff shall submit an itemization of attorneys' fees and costs associated solely to the interpleader action to the Court for review.

## II. **Motion for Leave to Amend**

Plaintiff contends that the Court should deny Anthony leave to file the amended counterclaim because the proposed amendments do not cure the deficiencies identified by the Court in the Decision and Order issued on August 12, 2013. (Opp'n Mot., 5-6, Oct. 24, 2013). Furthermore, Plaintiff argues that Anthony's proposed amended counterclaim would be futile because Anthony cannot withstand Plaintiff's motion for summary judgment as to the interpleader. *Id.* at 7-8.

Under Guam law, leave of court is required to amend a pleading after a responsive pleading is filed or when no responsive pleading is permitted, "and leave shall be freely given when justice so requires." Guam R. Civ. P. 15(a). Furthermore, "the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Guam R. Civ. P. 15(d).

Leave to amend or supplement may be denied in the circumstances of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Arashi & Co., Inc. v. Nakashima Enterprises, Inc.*, 2005 Guam 21 ¶ 16 (*quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227 (1962)). "Although leave to amend should be denied where the amendment would be futile, denial on the ground of futility should occur only when the proposed amendment is clearly insufficient or frivolous on its face." *Carter v. Mayor and City Council of Baltimore*, No.Civ. H-01-1024,

2001 WL 793308, \*4 (*citing Johnson v. Oroweat Foods Co.*, 785 F.2d 502, 510 (4th Cir. 1986)).

There are minimal legal authorities in Guam that specifically address and define claims for breach of the implied covenant of good faith and fair dealing or claims for bad faith. Therefore, the Court shall look to other jurisdictions for guidance.

As an example, California courts have addressed a breach of the implied covenant of good faith and fair dealing and bad faith as follows:

> Under California law, a breach of the implied covenant of good faith and fair dealing has two elements: "(1) benefits due under the policy must have been withheld and (2) the reason for withholding benefits must have been unreasonable or without proper cause." Love v. Fire Ins. Exch., 221 Cal.App.3d 1136, 1151 (1990); Waller v. Truck Ins. Exch., Inc., 11 Cal.4th 1, 35 (1995).

> The implied covenant of good faith requires insurers to be reasonable, not flawless. See, e.g., California Shoppers, Inc. v. Royal Globe Ins. Co., 175 Cal.App.3d 1, 55 (1985) (mistakes made by insurance company in handling of claim do not constitute bad faith; proper standard is "unfair dealing"); Congleton v. National Union Fire Ins. Co., 189 Cal.App.3d 51, 59 (1987).

> Bad faith implies dishonesty, fraud and concealment. Merritt v. Reserve Ins. Co., 34 Cal.App.3d 858, 876 (1973); accord, Hodges v. Standard Accident Ins. Co., 198 Cal.App.2d 564, 574 (1962). Mistakes or negligence in claims handling do not support a cause of action for bad faith. Aceves v. Allstate Ins. Co., 68 F.3d 1160, 1166 (9th Cir.1996) ("In California, mere negligence is not enough to constitute unreasonable behavior and does not establish a breach of the implied covenant of good faith and fair dealing in an insurance case"); National Life & Accident Ins. Co. v. Edwards, 119 Cal.App.3d 326, 339 (1981) (although the insured's claims handling "may have constituted negligent behavior, it ... did not constitute a violation of the covenant of fair dealing"); see also Sanchez v. Lindsey Morden Claim Servs., Inc., 72 Cal.App. 4th 249, 254 (1999) (in California, insureds cannot state a negligence claim against an insurer).

> *Arronson v. State Farm Ins. Co.*, No. CV-99-4074, 2000 WL 667285, at \*8-9 (C.D.Cal. May 11, 2010).[1]

---

[1] This common law cause of action is not exclusive to California. *See, e.g., BMW of North America v. Complete Auto Recon Services*, 731 S.E.2d 902, 907 (S.C.App.Ct.2012); *Beck v. Farmers Ins. Exchange*, 701 P.2d 795, 801 (Utah 1985); *Best Place, Inc. v. Penn America Ins. Co.*, 920 P.2d 334, 346-47 (Hawaii 1996) .

In the insurance context, "[t]o constitute bad faith, an insurer's conduct must demonstrate "a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act ...." *Id.* at *9 (*citing State Farm Fire & Cas. Co. v. Superior Court*, 45 Cal.App. 4th 1093, 1105 (1996)).

This Court does not herein adopt any liability standard for this tort, as this would be premature. Rather, the Court details above the approach by California courts merely to illustrate the propriety of such a claim by Defendant. The Court notes that various jurisdictions employ a range of legal standards for the tort of breach of implied covenant of good faith and fair dealing in the insurance context. *See Best Place, Inc.*, 920 P.2d at 346-47.

In this case, Anthony inserts new allegations in the amended counterclaim. Anthony asserts that Plaintiff had a duty to diligently search for and consider evidence that supported coverage of the claim, but failed to do so. (Proposed Amended Counterclaim, 3, Sept. 27, 2013). In addition, Anthony lists Plaintiff's failures in its investigation as the basis of his counterclaim. *Id.* As a result, this Court cannot conclude that the proposed amendments are clearly insufficient or frivolous on their face. *Carter*, 2001 WL 793308 at *4. This is because some jurisdictions merely require "unreasonable action" short of malice in order to prove up this tort. *See, e.g., Nichols v. State Farm Mutual Automobile Ins. Co.*, 306 S.E.2d 616, 619 (S.C. 1983); *Gruenberg v. Aetna Ins. Co.*, 510 P.2d 1032, 1037 (Cal. 1973). The proposed amended counterclaim sufficiently alleges factual claims which reasonably anticipate proving this tort, depending, of course, on the legal standard to be adopted by this Court, and on the type of facts (*i.e.*, scienter) which will become necessary to satisfy the standard eventually adopted. At this point, however, Defendant's proposed amendments to his counterclaim are not futile as a matter of law. Incidentally, because Anthony's counterclaim is independent of the interpleader, granting of the motion for summary judgment as to the interpleader does not make the counterclaim futile for that reason.

For all of the above reasons, Anthony's motion for leave to amend the counterclaim shall be granted.

///

///

## CONCLUSION

Based upon the foregoing, Plaintiff's motion for summary judgment is hereby GRANTED in part and DENIED in part. Furthermore, Defendants' motion for leave to amend is hereby GRANTED.

This matter is set for further proceedings on February 12, 2014 at 9:00 a.m.

SO ORDERED this _4TH_ day of February, 2014.

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagatna, Guam

FEB 04 2014

Roman F.P. Quinata
Deputy Clerk, Superior Court of Guam